Attorney for Debtor(s):
Name: NARRAH F. NEWARK, ESQ.
WEISS & WEISS LAW FIRM
Bar No.:NV #008201
2300 W. Sahara #500, Box 34
Las Vegas, NV 89102
Phone:(702) 933-5500
bk@weiss-weiss.com

E-filed: 7-21-07

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re                                    )    BK-S-06-12770-bam
                                         )
                                         )    **MODIFIED CHAPTER 13 PLAN# 3**
PEDRO L RAMIREZ                          )    Plan Mod. ( ) NA ( ) Before (XX) After Conf.
WENDY JO RAMIREZ                         )    **Pre-Confirmation Hearing**
                                         )    DATE: 8-23-07
                                         )    TIME: **8:30 a.m.**
                    Debtor(s).           )    **Confirmation Hearing**
                                         )    DATE: 8-23-07
_____)    TIME: **1:30 p.m.**

# CHAPTER 13 PLAN

THIS PLAN WILL BE CONSIDERED FOR CONFIRMATION AND APPROVAL AT A COURT HEARING. YOU WILL BE NOTIFIED OF THE HEARING DATE, TIME, LOCATION, AND THE DEADLINE FOR FILING AND SERVING WRITTEN OBJECTIONS. IN THE ABSENCE OF A TIMELY OBJECTION, THE PLAN MAY BE CONFIRMED.

Debtor(s) propose the following Chapter 13 Plan which shall be effective from the date it is confirmed:

**SUMMARY OF PLAN'S PAYMENT SCHEDULE:**

|    |                                                            | **Amount**      |
|----|------------------------------------------------------------|-----------------|
| A. | PAID TO DATE THRU: 6/2007                                  | $   5,195.00    |
| B. | $640.00   per month for 12 months. (beg. 07/2007).         | $   7,680.00    |
|    | $689.00   per month for 40 months. (beg. 07/2008).         | $  27,560.00    |
| C. | Non-monthly payments:                                      |                 |
|    | Source: _____                     | $               |
| D. | Total Plan payments                                        | $  40,435.00    |

**Tax Refunds.** Trustee may collect tax refunds for years: 2006, 2007, 2008, _____, to apply to claims received.

**Election to pay claims.**
[X] 100% of all filed and allowed claims shall be paid by Trustee pursuant to this Plan.
    (This provision applies only if box is checked)
[ ] General unsecured creditors will be paid interest at the rate of 0%.
    (This provision applies only if box is checked and interest rate stated)

**Liquidation value.**
The liquidation value of $ 0 to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid if the estate were liquidated under Chapter 7.

1

**CLAIMS PAID BY TRUSTEE:**

    **Attorney's Fees.** Pre-petition Attorney Compensation Paid:      $ 700.00
        Filing fee paid:      $ 274.00
        BALANCE OF ATTORNEY FEES TO BE PAID THRU PLAN:      $3,300.00
        Estimated additional attorney fees & costs:      $1,500.00
        TOTAL FEES TO BE PROVIDED FOR IN PLAN:      **$ 4,800.00**
    **Other Administrative Fees.**     _____ :      $_____
        _____ :      $_____

**Commitment period.**
[ ] Debtor(s) income is below the median income and the Plan commitment period is not less then 36 months.
[X] Debtor(s) income is above the median income and Plan commitment period is not less then 60 months.
Monthly Plan payments must continue for the entire commitment period unless all unsecured claims are paid in full in a shorter period of time. If the applicable commitment period is 36 months, Debtor(s) may make monthly payments beyond the commitment period to complete this Plan, but in no event shall monthly payments continue for more than 60 months.

**A. CLASS 1 SECURED CLAIMS:**     **Long term secured claims delinquent when petition was filed and is paid off after last payment of the Plan.**

The Trustee shall pay each Class 1 pre-petition arrearage claim in full in equal monthly installments after all administrative claims are paid. Class 1 claims are not modified by this Plan and shall retain their existing liens.

    **Creditor Name:** ASC     Collateral: 317 Greenleaf     Arrearage:     **$ 17,172.00**
         Interest Rate: _____     Interest:     $_____
    Contractual direct monthly payment:     $ 2,187.00     Maturity date:     N/A

**B. CLASS 2 SECURED CLAIMS:**     **Secured claims that are modified by this Plan or that have matured or will mature before the Plan is completed, including secured tax claims.**

These claims will be paid in full by the Trustee. The creditor shall retain its existing lien and receive a monthly dividend payable based upon the value and interest specified below.

**506(a) collateral valuation/secured claims/1325(a) - 910 day vehicle claim/1 year personal property claims**

    **Creditor Name:** Beneficial     Collateral: Furniture     Full claim amt: $ 1,601.11
         Interest Rate: 10%     Interest:     $ 520.00
                             Total     **$ 2,122.00**
    **Creditor Name:** _____     Collateral: _____     Full claim amt: $_____
         Interest Rate: _____     Interest:     $_____
                             Total     $_____

**C. CLASS 3 SECURED CLAIMS:**     **Secured claims for personal property delinquent when petition was filed.**

These claims are not modified by this Plan and may mature before or after the conclusion of this Plan. The regularly due monthly payments shall be made by Debtor(s) or third party as they become due and such payment shall constitute adequate protection as required by 11 U.S.C. 1326(a)(1)(C). Trustee shall pay each Class 3 pre-petition arrearage claim. Creditor shall retain its existing lien until such time claim is paid in full.

    **Creditor Name:** _____     Collateral: _____     Arrearage:     $_____
         Interest Rate: _____     Interest:     $_____
    Contractual direct monthly payment:     $_____     Maturity date:     N/A
                             **TOTAL**     $_____

**D. CLASS 4 SECURED CLAIMS:**     **Secured claims that are satisfied by the surrender of collateral.**
For personal property secured claims, Debtor(s) shall tender the collateral to the creditor not later than 5 days after

confirmation of this Plan. For real property secured claims, creditor may conduct a foreclosure of real property.

**Creditor Name:** _____ Collateral: _____ Est. deficiency: $_____
**Creditor Name:** _____ Collateral: _____ Est. deficiency: $_____

### E. CLASS 5 SECURED CLAIMS:   Secured claims paid directly by Debtor(s) or third party.
Class 5 claims mature before or after the completion of this Plan, are not in default, and are not modified by this Plan which may include 910 motor vehicle claims and 1 year personal property claims.

**Creditor Name:** VW Credit          Collateral: 00 VW Jetta
   Contractual monthly payment:   $N/A (paid by daughter) Maturity date: N/A
**Creditor Name:** _____ Collateral: _____
   Contractual monthly payment:   $_____          Maturity date: _____

### F. CLASS 6 UNSECURED PRIORITY CLAIMS:   Claims entitled to priority pursuant to section 507.
(Taxes and support) These claims shall be paid in full by the Plan except for claims described in 1322(a)(4). Such claims shall be included with Class 6. The failure to provided for an allowed priority claim, except those of Class 6, is a breach of this Plan.

**Creditor Name:** ___IRS_____ Claim type: 2006      Claim amount: $  **1,680.00**
**Creditor Name:** _____ Claim type: _____ Claim amount: $_____

### G. CLASS 7 SECTION 1305 POST-PETITION PRIORITY CLAIMS:   This class includes taxes that become payable to a government while the case is pending.

**Creditor Name:** _____ Claim type: _____ Claim amount: $_____
**Creditor Name:** _____ Claim type: _____ Claim amount: $_____

### H. CLASS 8 SPECIAL UNSECURED CLAIMS:   This class includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full

**Creditor Name:** _____ Claim type: _____ Claim amount: $_____

### I. CLASS 9 GENERAL UNSECURED CLAIMS:   All filed and allowed unsecured claims not listed as Class 6, Class 7 or Class 8 claims will receive a pro-rata share of not less than:     (100 %)$  **10,641.00**
This represents the total funds to be disbursed to all filed and allowed Class 9 claims pursuant to this Plan.
   Debtor(s) estimates that general unsecured claims, including the under-collateralized portion of secured claims not entitled to priority, total:           $10,640.51

### J. EXECUTORY CONTRACTS & UNEXPIRED LEASES:
   Debtor assumes the executory contracts and unexpired leases as listed below. Debtor(s) shall pay directly to the other party, before and after confirmation, all required contractual post-petition payments. Any executory contract or unexpired lease not listed in the Plan is rejected. Entry of the confirmation order modifies the automatic stay to allow the non-debtor party to obtain possession of the leased property.

   Lessor: _____ Collateral:_____
      [ ] Assume    Payment: $ ____/month Months remaining: _____
      [ ] Reject:   Collateral returned to creditor? _____

### PLAN TOTALS:
   TOTAL CLAIMS PAID BY TRUSTEE:                         $36,415.00
   TRUSTEE COMPENSATION: (Not to exceed 10%)             $ 4,020.00

   TOTAL PLAN PAYMENTS TO TRUSTEE                        $   40,435.00

# ADDITIONAL PROVISIONS

### Disposable income/Commitment period.

The Debtor(s) acknowledges the right of the Trustee or the Holder of an allowed unsecured claim to object to the confirmation of the Plan pursuant to section 1325(b)(1) and, as such, the Debtor proposes to pay all projected disposable income for the applicable commitment period to pay allowed unsecured claims which includes attorney fees, based upon the priority of claims and expenses outlined in this plan. The future earnings of Debtor(s) shall be submitted to the supervision and control of the Trustee as is necessary for execution of the Plan.

### Proofs of Claim.

A timely filed proof of claim must be filed by or on behalf of a creditor, including a secured creditor, before a claim may be paid pursuant to this Plan.

Notwithstanding the above-stated section, monthly payments falling due after the filing of the petition shall be paid to each holder of a Class 1 & Class 4 secured claim whether or not a proof of claim is filed or the Plan is confirmed.

Payments on domestic support obligations and payments on loans from retirement or thrift savings plans of the type described in section 11 U.S.C. 362(b)(19) falling due after the filing of the petition shall be paid by Debtor(s) directly to the person entitled to receive such payments whether or not a proof of claim is filed or the Plan is confirmed.

The proof of claim, not this Plan or the schedules, shall determine the amount and classification of a claim. If a claim is provided for by this Plan and a proof of claim is filed, dividends shall be based upon the proof of claim unless the Court enters an Order determining the value of a creditor's collateral and/or rate of interest, or avoiding a lien, or sustaining a claim objection which affects the amount or classification of the claim. **If interest is required to be paid on a claim, the interest rate shall be paid in accordance with the Order Confirming Chapter 13 Plan or such other Order of the Court establishes the rate of interest.**

### Administration Expenses.

**Trustee's Fees.** Pursuant to 28 U.S.C. 586(e), the Trustee shall receive up to 10% of plan payments, whether made before or after confirmation but excluding direct payments on Class 4 claims.

**Fees of former chapter 7 trustee.** Payment of compensation of the type described in 11 U.S.C. 1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to nonpriority unsecured creditors divided by the length of the Plan, each month for the duration of the Plan.

**Administrative expenses.** Except to the extent the claimant agrees to accept less, and unless section 11 U.S.C. 1326(b)(3)(B) is applicable, approved administrative expenses shall be paid in full.

**Debtor's attorney's fees.** The attorney's fees and costs in this case through Confirmation of the Plan shall be: **$4,000.00**. The sum of **$700.00** has been paid to the attorney prior to filing the petition. The balance of **$3,300.00** shall be paid through the Plan. Debtor may incur additional attorneys fees post-confirmation estimated in the amount of **$1,500.00**. Such additional estimated attorneys fees are included in this Plan for payment by the Trustee and do not render the Plan infeasible. However, all fees are subject to review and approval by the Court. It is contemplated that Debtor(s) will continue to utilize the services of their attorney through the completion of the Plan or until the attorney is relieved by order of the Court. Any additional attorney's fees and costs after confirmation must be paid through the Plan only after approval of the Court.

### Payment of Claims, Administrative Fees and Costs, and Distribution of plan payment.

From the monthly payment, the Trustee shall pay, in the following order, Trustee's fees, administrative expenses including attorney's fees, Class 2 and Class 3 secured claims, holders of Class 7 "1305" post petition claims, Class 1 arrearage claims, Class 6 priority claims until they are paid in full (or, if the claim is of a type described in section 1322(a)(4), the amount specified in the Additional Provisions has been paid), Class 8 special unsecured claims, then Class 9 general unsecured claims.

The portion of the monthly plan payment allocated for administrative expenses shall be distributed first on account of the monthly dividend due to a former chapter 7 Trustee, then to holders of remaining administrative expenses. When all administrative expenses have been paid, the monthly projected disposable income shall be distributed pro rata, first to holders of Class 7 unsecured claims and then to holders of Classes 8 and 9 unsecured claims

Unless a claim objection is sustained, or a motion to value collateral or lien avoidance motion is granted, distributions on account of Classes 1, 2, 6, 7, 8 allowed claims will be based upon the amount stated in each claimholder's proof of claim rather than the amount estimated by Debtor(s) in this Plan.

4

### Class 1 Secured Claims.

The Trustee shall pay all pre-petition arrearage claims for real estate taxes prior to payment of pre-petition arrearage claims on real estate loans. If Debtor makes a partial plan payment that is insufficient to pay all monthly contract installments due on Class 1 claims, these installments will be paid in the order Debtor(s) has listed the class 1 claims.

Upon their receipt, Debtor(s) shall mail or deliver to Trustee all notices from Class 1 creditors including, without limitation, statements, payment coupons, impound or escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit the sending of such notices. Prior to mailing or delivering any such notices to the Trustee, Debtor(s) shall affix the Chapter 13 case number to it.

Post petition interest shall accrue on Class 1 claims at the rates stated in this Plan except to the extent the claim is for mortgage arrears on a loan incurred after October 22, 1994, in which case interest will always be 0%.

### Class 2 Secured Claims.

The amount of a Class 2 claim shall be the amount due under any contract between Debtor(s) and the claimant or under applicable non-bankruptcy law, or, if section 506(a) is applicable, the value of the collateral securing the claim, whichever is less. Section 506(a) is not applicable if the claim is secured by a purchase money security interest and (a) was incurred within 910 days of the filing of the petition and is secured by a motor vehicle acquired for the personal use of the Debtor(s), or (b) the claim was incurred within 1 year of the filing of the petition and is secured by any other thing of value.

**Adequate protection payments.** Prior to confirmation, Trustee shall pay on account of each allowed Class 2 claim secured by a purchase money security interest in personal property an adequate protection payment as required by 11 U.S.C. 1326(a)(1)(C). This adequate protection payment shall be the equal monthly amount proposed by this Plan as the dividend for each Class 2 claim. Adequate protection payments shall be disbursed by the Trustee in connection with his customary disbursement cycle beginning the month after the petition is filed. The claimant shall apply adequate protection payments to their claim. Post petition interest shall accrue on Class 2 claims at the rates stated in this Plan.

### Class 4 Secured Claims.

Entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a Class 3 secured claim to receive, take possession of foreclose upon, and to exercise its rights and judicial and non-judicial remedies against collateral. Upon confirmation of Plan, creditors claim shall become unsecured.

### Class 5 Secured Claims.

These claims shall be paid by Debtor(s) or a third party whether or not the Plan is confirmed. Entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a Class 5 claim to exercise its rights against its collateral in the event of default under the terms of its security documentation provided this case is pending under Chapter 13.

### Class 6 Priority Claims.

Because section 1322(a)(2) requires that priority claims be paid in full, the failure to provide for an allowed priority claim, other than a priority claim described in section 1322(a)(4), is a breach of this Plan.

### Vesting of property.

Any property of the estate scheduled under section 521 shall revest in the Debtor(s) until such time as a discharge is granted. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, or is dismissed, the property of the estate shall be determined in accordance with applicable law.

### Debtor(s)' Duties.

In addition to the duties imposed upon Debtor(s) by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and the General Order, this Plan imposes the following additional requirements on Debtor(s):

(a) **Transfers of Property and New Debt.** Debtor(s) is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal property with a value of $1,000 or more, or real property with a value of $5,000 or more, without first obtaining court authorization. Debtor(s) shall not incur aggregate new debt exceeding $1,000 without first obtaining court authorization. A new consumer debt of less then $1,000 shall not be paid though this Plan absent compliance with sec 1305(c).

(b) **Insurance.** Debtor shall maintain insurance as required by any law or contract and Debtor(s) shall provide evidence of that insurance as required by section 1326(a)(4).

(c) **Compliance with applicable non-bankruptcy law.** Debtor(s)' financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law including the timely filing of tax returns and payment of taxes.

(d) **Periodic reports.** The Debtor(s) shall provide Trustee with a copy of any personal tax return filed while the case is pending. Upon Trustee's request, Debtor(s) shall provide Trustee with other tax returns filed while the case is pending and quarterly financial information regarding Debtor(s)' business or financial affairs.

(e) **Documents required by Trustee.** In addition to the documents required by the Bankruptcy Code and Local Rules, the Debtor(s) shall provide to Trustee not later than the first date set for the section 341 meeting:

    (1) written notice of the name and address of each person to whom the Debtor(s) owes a domestic support obligation together with the name and address of the relevant State child support enforcement agency. [see U.S.C. sections 464 & 466].

    (2) a wage order in the form requested by Trustee, if requested by Trustee and allowed by Debtor's Employer.

    (3) a Class 1 Worksheet and Authorization to Release Information for each Class 1 claim

    (4) IRS form 8821.

(f) **Documents required by Trustee prior to Debtor(s)' Discharge.** Within 30 days of completion of the Plan, the Debtor(s) shall certify to the Court, with a copy to the Trustee, the following:

    (1) written notice of the name and address of each person to whom the Debtor(s) owes a domestic support obligation at that time together with the name and address of the relevant State child support enforcement agency. [see U.S.C. sections 464 & 466].

    (2) the current address of the Debtor(s).

    (3) the name and address of Debtor(s)' current employer.

    (4) the name of each creditor whose claim was not discharged under 11 U.S.C. 523(a)(2).

    (5) the name of each creditor whose claim was reaffirmed under 11 U.S.C. 524(c).

    (6) certificate of completion of an instructional course in personal financial management.

(g) **Remedies on default.** If Debtor(s) defaults in the performance of this Plan, or if the Plan will not be completed within 6 months of its stated term, not to exceed 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014. This relief may consist of, without limitation, dismissal of the case, conversion of the case to Chapter 7, or relief from the automatic stay to pursue rights against collateral. If on motion of a creditor, the Court terminates the automatic stay to permit a creditor holding a Class 1 or Class 2 secured claim to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further plan payments on account of such secured claim, any portion of the secured claim not previously satisfied under this Plan shall be satisfied as a Class 3 claim, and any deficiency remaining after the disposition of the collateral shall be classified as a Class 7 unsecured claim provided a timely proof of claim or amended proof of claim is filed and served on Debtor(s) and Trustee. Such deficiency claim shall be paid prospectively only. Chapter 13 plan payments previously disbursed to the holder of other allowed claims shall not be recovered by the Trustee to provide a pro rata distribution to the holder of any such deficiency claim.

DATED: 7/5/07      /s/ PEDRO RAMIREZ                    WENDY RAMIREZ
                   DEBTOR                                JOINT DEBTOR

DATED: 7/5/07      /s/ NARRAH F. NEWARK
                   ATTORNEY FOR DEBTOR(S)

7/17/07

Employee of
Kathleen A. Leavitt
Chapter 13 Bankruptcy Trustee

6

EXHIBIT A1

A moratorium will be placed on any delinquency accrued through the date of this modification but remains subject to the Trustee's review of disposable income during this same period.